IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL RUBIO,

        Petitioner,

vs.                                                    No. CIV 99-241 M/LFG

ERASMO BRAVO, et al.,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, filed March 5, 1999. Respondent filed his Answer on April 20, 1999. Petitioner Miguel Rubio ("Rubio") challenges the judgment and sentence entered by the Fourth Judicial District Court in <u>State v. Rubio</u>, No. 97-45-CR (County of San Miguel, New Mexico). Rubio pled guilty to manslaughter with firearm enhancement. A Judgment and Sentence was entered on January 7, 1998. Exhibit A to Respondent's Answer. Rubio appealed his conviction, alleging error in the trial court's admission of certain evidence proffered by the prosecution at the sentencing hearing, and refusal of other evidence proffered by the defense. Exhibit C to Respondent's Answer. Rubio's conviction was

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

affirmed by the New Mexico Court of Appeals, and the New Mexico Supreme Court denied certiorari on September 14, 1998. Exhibits F, H to Respondent's Answer.

2. Rubio presents the following grounds for federal habeas review:

(a) Ground One: his sentencing was illegal in that the state trial court improperly considered inaccurate information concerning prior arrests; and

(b) Ground Two: the sentencing judge refused to consider self-defense evidence in mitigation of his sentence, because self-defense was taken into account when the charge was reduced from second-degree murder to manslaughter.

(c) In addition to the two grounds stated in Rubio's petition, he also raises a claim of ineffective assistance of counsel in his Traverse to Respondent's Answer [Doc. 10], and his Motion for Leave to Amend Complaint [Doc. 11].

3. Respondent's Answer [Doc. 9] asserts that the petition should be dismissed as a mixed petition, because although Rubio has exhausted his state court remedies as to Claim Two, he has not exhausted his remedies as to Claim One. Respondent further asserts that both claims should be dismissed on the merits, as they are based solely on state law and fail to raise constitutional claims.

4. In the New Mexico Court of Appeals, Rubio contended that the judge erred in considering evidence of prior arrests because these arrests did not result in convictions. In Claim One of his federal habeas petition, he asserts that the judge erred in considering evidence of prior arrests, not solely because the arrests did not result in convictions, but also because the information about the arrests was inaccurate, in that some of the arrests never occurred at all.

5. Rubio had not, in the direct appeal of his sentence, raised the argument of factual inaccuracy of the prior arrest information. In the state courts, he argued only that "information about

2

prior arrests is of limited use because of its potential inaccuracy." Memorandum in Opposition to Proposed Summary Affirmance, Exhibit E to Respondent's Answer, at 2. See also, Exhibits C (Docketing Statement) and G (Petition for Writ of Certiorari to the New Mexico Court of Appeals). Respondent argues therefore that Rubio did not exhaust his state remedies as to the claim that he was actually not arrested on some of the occasions cited by the prosecution.

6. In Claim Two of his federal habeas petition, Rubio asserts that the sentencing judge refused to allow him to present evidence of self-defense as a mitigating factor. Rubio raised this argument in his direct appeal, and the New Mexico Court of Appeals specifically addressed it, holding that "the trial court . . . acted within its discretion in considering the events surrounding the crime and concluding that these mitigating factors were already incorporated into pleading the case down from second degree murder to voluntary manslaughter." Exhibit F to Respondent's Answer, at 2. Thus, Respondent argues, Claim Two has been exhausted, whereas claim One has not, and Rubio's petition should be dismissed as a mixed petition including both exhausted and unexhausted claims. (Respondent further asserts that both of Rubio's claims should be dismissed on the merits, as issue which the Court does not reach at this time). In his Motion for Leave to Amend, filed June 4, 1999, Rubio requests that the Court allow him to amend or, in the alternative, that his petition be dismissed without prejudice.

7. The Court find that Rubio's claim of factual inaccuracy of the arrest information has not been "presented to the state courts in a posture allowing full and fair consideration," and this claims has therefore not been exhausted. Smith v. Atkins, 678 F.2d 883, 885 (10th Cir. 1982). The exhaustion doctrine does not require that a petitioner frame a claim in exactly the same manner in which it was presented to the state courts. Picard v. Connor, 404 U.S. 270, 277, 92 S. Ct. 509, 513

3

(1971); Chacon v. Wood, 36 F.3d 1459, 1467-68 (9th Cir. 1994). However, when a petitioner relies on factual grounds in the federal petition which are different from those cited in the state proceedings, and thereby fundamentally alters the legal claim, the claim will be considered unexhausted. Vasquez v. Hillery, 474 U.S. 254, 260, 106 S. Ct. 617, 622 (1986); Jones v. Hess, 681 F.2d 688 (10th Cir. 1982). "[A]lthough a habeas petitioner will be allowed to present 'bits of evidence' to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different legal posture must first be presented to the state courts." Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997). The argument that some of the prior arrests never occurred does "place the claim in a significantly different legal posture," and the state court has not yet had an opportunity to examine this claim.

8. The claim that Rubio was denied the right to present mitigating evidence at his sentencing hearing has clearly been exhausted. Thus, without going further, it is apparent that Respondent is correct that Rubio has filed a mixed petition which is therefore subject to dismissal.

9. The Court notes also that Rubio has raised, in his "Traverse" to Respondent's Answer and in his Motion for Leave to Amend, an argument based on ineffective assistance of counsel both at sentencing and "throughout the course of his representation." This claim was not raised in Rubio's original petition; however, the Court construes pro se pleadings liberally and will consider the claim as part of the petition. Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 399 (8th Cir. 1991); United States ex rel. Richards v. Bartlett, 830 F. Supp. 695, 699 (E.D.N.Y. 1993). The ineffective assistance of counsel claim was not raised at all in the state courts, and it is therefore unexhausted. Thus, the only exhausted claims in Rubio's petition are Claim Two, alleging denial of the right to present mitigating evidence regarding self defense at the sentencing hearing, and a portion of Claim

4

One, to the extent it can be construed as an assertion that the prior arrest information was inappropriate for consideration at sentencing because the arrests did not result in a conviction. Rubio states generally in Claim One that, "Trial court improperly considered prior arrests as a valid basis to impose sentence."

10. Rubio states in his Motion for Leave to Amend that he "has not deliberately bypassed New Mexico State procedures." He asks the Court to grant him leave to amend his petition or, in the alternative, to dismiss the petition without prejudice.

> [I]f the petitioner raises claims in his federal habeas petition that he has not raised in state court, . . . the petitioner will be faced with a choice of either having his entire petition dismissed as a mixed one, or abandoning those claims that he did not raise in state court and pursuing only the exhausted claims . . . A court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claims . . . .

Harris v. Champion, 48 F.3d 1127, 1133 (10th Cir. 1995).

11. 28 U.S.C. §2242 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." F. R. Civ. P. 15(a) "may be used to allow the petitioner to amend his petition when the court feels this is called for . . .." Advisory Committee Note to Rule 5, Rules Governing Section 2254 Cases; see also Rule 11 of the Rules Governing Section 2254 Cases.

12. The Court finds that Rubio should be allowed to amend his petition to include only those claims that have been exhausted, if that is his preference. He should be aware, however, that he risks dismissal of a subsequent federal habeas petition which raises the claims he would now be abandoning. See, Rose v. Lundy, 455 U.S. 509, 520-521, 102 S. Ct. 1198, 1204-05 (1982); Harris, at 1133; Brown v. Shanks, -- F.3d --, 1999 WL 565482 (10th Cir. August 3, 1999)

5

13. If Rubio chooses not to amend, the petition will be dismissed in its entirety without prejudice to allow Rubio the opportunity to present his unexhausted claims to state court, with an eye toward the one-year statute of limitations that still applies to all claims in his petition, including those that have been exhausted.

**Recommended Disposition**

That Rubio's Motion to Amend Complaint [Doc. 11] be granted and that Rubio be given until October 1, 1999 to submit an amended petition including only the exhausted claims and, if Rubio does not file an amended petition by the date given, that the case be dismissed without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge