IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL RUBIO,

        Petitioner,

vs.                                   No. CIV 99-241 M/LFG

ERASMO BRAVO, et al.,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, filed March 5, 1999. Respondent filed his Answer on April 20, 1999. Petitioner Miguel Rubio ("Rubio") challenges the judgment and sentence entered by the Fourth Judicial District Court in <u>State v. Rubio</u>, No. 97-45-CR (County of San Miguel, New Mexico). Rubio pled guilty to manslaughter with firearm enhancement. A Judgment and Sentence was entered on January 7, 1998. Exhibit A to Respondent's Answer. Rubio appealed his conviction, alleging error in the trial court's admission of certain evidence proffered by the prosecution at the sentencing hearing, and refusal of other evidence proffered by the defense. Exhibit C to Respondent's Answer. Rubio's conviction was affirmed by the New Mexico Court of Appeals, and the New Mexico Supreme Court denied certiorari on September 14, 1998. Exhibits F, H to Respondent's Answer.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Rubio presents the following grounds for federal habeas review:

(a) Ground One: his sentencing was illegal in that the state trial court improperly considered inaccurate information concerning prior arrests; and

(b) Ground Two: the sentencing judge refused to consider self-defense evidence in mitigation of his sentence, because self-defense was taken into account when the charge was reduced from second-degree murder to manslaughter.

(c) In addition to the two grounds stated in Rubio's petition, he also raises a claim of ineffective assistance of counsel in his Traverse to Respondent's Answer [Doc. 10], and his Motion for Leave to Amend Complaint [Doc. 11].

3. Respondent's Answer [Doc. 9] asserts that the petition should be dismissed as a mixed petition, because although Rubio has exhausted his state court remedies as to Claim Two, he has not exhausted his remedies as to Claim One. Respondent further asserts that both claims should be dismissed on the merits, as they are based solely on state law and fail to raise constitutional claims.

4. In response to Respondent's Answer, Rubio filed a Motion for Leave for Amend Complaint [Doc. 11]. The Magistrate Judge's Findings and Recommended Disposition [Doc. 12] recommended that Rubio be allowed to amend his complaint and, if he failed to do so, that the petition be dismissed with prejudice. No objections were filed to this Recommended Disposition; however, on September 17, 1999, Rubio filed a Motion to Dismiss [Doc. 13], acknowledging that he had filed a mixed petition, and asking for dismissal without prejudice so that he can present his unexhausted claims to the state court.

**Recommended Disposition**

That Rubio's Motion to Dismiss [Doc.13] be granted and the petition be dismissed without prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge